IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AFCO STEEL LLC, as successor to WWSC ACQUISITION CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 5:05-CV-1037 (U.S. District Court for Eastern District |
| FRED I. BROWN, JR.; FRED ISAAC BROWN, III; J. WILLIS BROWN, in his capacity as personal representative of the Estate of JOSEPH W. BROWN, deceased, et al., | ) ) ) ) ) ) | of Arkansas, Western Division 4:03CV00189GH) |
| Defendants | ) ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO QUASH SUBPOENA TO G. JEFFREY RECORDS, JR.**

For their response to plaintiff's motion to quash the deposition and document subpoena issued to G. Jeffrey Records, Jr., defendants state the following:

**Plaintiff lacks standing to challenge the subpoena.**  Plaintiff's motion to quash should be denied at the threshold because plaintiff has no standing to request this Court to quash the subpoena duces tecum issued to G. Jeffrey Records, Jr., a non-party to this case.  Generally, only the subpoena recipient has standing to seek to quash a subpoena issued to it.  A party to litigation has standing to challenge a subpoena issued to a non-party only in the instance in which the challenge involves a privilege held by that party; otherwise, a party has no standing to challenge a subpoena issued to a non-party.  *E.g., Brown v. Braddick* 595 F.2d 961, 967 (5th Cir. 1979); *Green v. Sauder Mouldings, Inc.*, 223 F.R.D. 304, 306 (E. D. Va. 2004); *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D. Kan. 1995); *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981).

Plaintiff has asserted no matter of privilege as part of its motion; its sole basis for objecting is that the deposition is scheduled to occur after the discovery deadline. Accordingly, the motion should be denied for lack of standing. Plaintiff should have taken up its issue regarding the discovery deadline with the forum court, through a motion to enforce that deadline under Fed. R. Civ. P. 16 or 26, instead of through its motion to quash filed before this Court. The forum court's discovery deadline does not accord standing to plaintiff to seek to quash a subpoena issued to a non-party.

Reserving this objection to plaintiff's standing, we will address the points raised in plaintiff's motion, in the order presented in that motion:

1.     Defendants admit that the plaintiff is the successor to the purchaser of the stock of AFCO Steel, Inc. stock and that defendants were the shareholders who sold the stock to plaintiff's predecessor, and they admit that the suit pending in the United States District Court for the Eastern District of Arkansas as styled above is set for a jury trial beginning on October 3, 2005. Defendants deny the remaining statements and characterizations contained in paragraph 1 of plaintiff's motion.

2.     Defendants admit the statements contained in the second sentence of paragraph 2 of the motion but further aver that they also issued a document subpoena to Mr. Records, individually, on July 5, 2005 to produce documents on July 19, 2005 (Subpoena 1). A copy of Subpoena 1 is attached as Exhibit 1. After several conversations with Mitchell Blackburn, Esq. that ran past the production date, defendants' counsel was told that Mr. Records would not honor that subpoena as being improperly served on an individual at MidFirst Bank instead of him, personally. Defendants then reissued a subpoena duces tecum to Mr. Records on August 11, 2005 to appear for a deposition and produce documents on August 29, 2005 (Subpoena 2). A

copy of Subpoena 2 is attached as Exhibit 2.  Despite prompt and diligent efforts to serve Mr. Records with this subpoena, defendants were unable to do so by the date of the deposition, and so defendants had to issue the subpoena that is the subject of plaintiff's motion to quash.  That subpoena was served on Mr. Records at his residence on September 4, 2005.

3.     Defendants admit that Exhibit B to plaintiff's motion is a copy of the scheduling order in the Arkansas litigation but denies that it has any application to the matter before this Court.

4.      Defendants admit that Exhibit C to plaintiff's motion is a copy of an order extending the discovery deadline in the Arkansas litigation but denies that it has any application to the matter before this Court.  Defendants further state that they did not request that extension.

5.     Defendants deny that the subpoena issued to Mr. Records violates the discovery deadline in the Arkansas case.  Aside from the fact that defendants attempted to serve Mr. Records with Subpoena 1 before the discovery deadline, and aside from the fact that plaintiff has never objected to any of the previous efforts to subpoena Mr. Records, as a matter of law the subpoena is not objectionable because it was issued  to preserve testimony of an individual not amenable to subpoena for personal attendance at trial, the discovery deadline is irrelevant to this matter.

6.     Defendants admit that Fed. R. Civ. P. contains the excerpt quoted in paragraph 6 of the motion but deny that it has any application to this matter.

7.     Defendants deny the statement contained in paragraph 7 of the motion.  Plaintiff and its counsel are not protected persons within the realm of Fed. R. Civ. P. 45.  the language of that rule plainly establishes that its provisions apply only to the subpoena recipient. Furthermore, Mr. Records will not be unduly burdened because defendants' counsel have agreed

to postpone the deposition from the September 12, 2005 date and also to hold the deposition wherever Mr. Records might be.

8.      Defendants deny the statements contained in paragraph 8 of the motion. Depositions taken for the purpose of preserving trial testimony of witnesses not amenable to service of process for personal appearance at trial are not within the realm of discovery, and therefore are not governed by the discovery deadline. *See, e.g., Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982), *cert. denied*, 460 U.S. 1036 (1983) ("A party to a lawsuit obviously is entitled to present his witnesses.  The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear [the deponent's] testimony."); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 352-53 (D. Colo. 2001)(permitting depositions for purpose of trial to go forward after expiry of discovery deadline); *Odell v. Burlington Northern RR Co.*, 151 F.R.D. 661, 663 (D. Colo. 1993)(trial depositions are not discovery depositions); *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 123 (S. D. Ind. 1992)("party may still prepare for trial by taking the depositions of witnesses whose unavailability for trial is anticipated").

9.      Defendants admit that plaintiff's counsel made an effort to resolve the matter prior to plaintiff's filing of this motion.

        WHEREFORE, defendants request the Court to deny plaintiff's motion to quash the subpoena duces tecum issued to G. Jeffrey Records, Jr.

                                        */s/ Audra K. Hamilton*
                                        Audra K. Hamilton, OBA No. 17872
                                        DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.
                                        320 South Boston, Suite 500
                                        Tulsa, OK 74103-3725
                                        (918) 582-1211
                                        (918) 591-5360 (Fax)

## CERTIFICATE OF SERVICE

__X__    I hereby certify that on September 12, 2005, I electronically transmitted the attached document(s) to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mitchell D. Blackburn
Conner & Winters, L.L.P.
One Leadership Square
211 N. Robinson, Suite 1700
Oklahoma City, OK  73102

John B. Hayes
Hayes, Magrini & Gatewood
1200 N. Walker
P.O. Box 60140
Oklahoma City, OK  73103

__X__    I hereby certify that on September 12, 2005, I served the attached document(s) by U.S. Mail on the following, who are not registered participants of the ECF System:

M. Stephen Bingham
Cross, Gunter, Witherspoon & Galchus, PC
500 President Clinton Avenue, Suite 200
Little Rock, AR  72201

Gordon S. Rather, Jr.
John G. Lile
N.M. Norton
Stephen R. Lancaster
Michelle M. Kaemmerling
Wright, Lindsey & Jennings, LLP
200 W. Capitol Avenue, Suite 2300
Little Rock, AR  72201

Charles L. Schlumberger
E.B. Chiles
Steven W. Quattlebaum
John E. Tull, III
Jennifer Lynn Wethington
Quattlebaum Grooms Tull & Burrow, PC
111 Center Street, Suite 1900
Little Rock, AR  72201

*/s/ Audra K. Hamilton*