### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AFCO STEEL LLC, as successor to<br>WWSC ACQUISITION CORP.,<br><br>      Plaintiff,<br><br>v.<br><br>FRED I. BROWN, JR.; FRED ISAAC<br>BROWN, III; WILLIS BROWN, in his<br>capacity as personal representative of the<br>Estate of JOSEPH W. BROWN, deceased,<br>et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-05-1037-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Before the Court is Plaintiff's Motion to Quash Subpoena and Notice of Deposition [docket no. 1], filed September 7, 2005. On September 12, 2005, Defendants filed their response. Based upon the parties' submissions, the Court makes its determination.

This case was filed in the United States District Court for the Eastern District of Arkansas. It is set on that court's October 2005 trial docket, with an extended discovery deadline of July 10, 2005. On August 26, 2005 a subpoena was issued, ordering Mr. G. Jeffrey Records, Jr., a non-party, to appear for the taking of his deposition, and to produce certain documents. Plaintiff seeks an order quashing the subpoena and notice of deposition. In their response to Plaintiff's motion to quash, Defendants assert that Plaintiff does not have standing to bring this motion.[1]

Generally, a party to a lawsuit has no standing to seek to quash a subpoena issued to a non-party. *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n.2 (D. Kan. 2000); *Hertenstein v. Kimberly*

---

[1] Based upon the nature of this assertion, the Court must address this issue before analyzing the merits of Plaintiff's motion.

*Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997); *see also Brown v. Braddick et al.*, 595 F.2d 961 (5th Cir. 1979); 9A C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2459 (2d ed. 1994).  Courts, however, have recognized an exception to this general rule when the party seeking to challenge the subpoena has a personal right or privilege in the subject matter requested in the subpoena.  *Langford v. Chrylser Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *Johnson*, 191 F.R.D. at 640 n.2; *Windsor*, 175 F.R.D. at 668; *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995).

In the case at bar, the subpoena at issue was not directed to Plaintiff, but to Mr. Records, a non-party.  Additionally, Plaintiff has asserted no claim of a personal right or privilege to the documents sought.[2]  Accordingly, upon review of the parties' submissions, the Court finds that Plaintiff has no personal right or privilege with respect to the documents sought, that the above-referenced exception does not apply, and that Plaintiff, therefore, has no standing to move to quash the subpoena at issue.

Accordingly, the Court DENIES Plaintiff's Motion to Quash Subpoena and Notice of Deposition [docket no. 1] for lack of standing.

**IT IS SO ORDERED this 15th day of September, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff objects to the subpoena on procedural grounds.  Specifically, Plaintiff contends the subpoena is improper because it was issued after the discovery deadline.